UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|                                    |     |                              |
|------------------------------------|-----|------------------------------|
|                                    | X   |                              |
| PRO PUBLICA, INC.,                 | :   |                              |
|                                    | :   |                              |
|                                    | :   |                              |
|                    Plaintiff,      | :   | **COMPLAINT**                |
|                                    | :   |                              |
|            - against –             | :   |                              |
|                                    | :   |                              |
| UNITED STATES DEPARTMENT OF        | :   | CIVIL ACTION NO.: 19-CV-5222 |
| HOMELAND SECURITY,                 | :   |                              |
|                                    | :   |                              |
|                    Defendant.      | :   |                              |
|                                    | :   |                              |
|                                    | X   |                              |

_____

Plaintiff PRO PUBLICA, INC., ("ProPublica"), by its undersigned attorney, alleges for its

Complaint:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, to obtain an order for the production of agency records from Defendant United States

Department of Homeland Security ("DHS"), in response to FOIA requests properly made by

Plaintiff.

2.      The records sought here shed light on government contracting related to federal

immigration policy and enforcement, a subject of significant and ongoing public interest.

## PARTIES

3.      Plaintiff ProPublica is a non-partisan newsroom based in New York.  It is a

Delaware non-profit corporation, and is exempt from taxation under Section 501(c)(3) of the

Internal Revenue Code.  As an independent news organization dedicated to producing

investigative journalism in the public interest, it has been honored with numerous awards,

including five Pulitzer Prizes.  ProPublica publishes its reporting through its website,

www.propublica.org, and in partnership with more than 180 news organizations across the country, including The New York Times, The Washington Post, Politico, NPR News, The Miami Herald, The New Yorker, The Boston Globe, The Los Angeles Times, and Frontline.  ProPublica is headquartered in this judicial district at 155 Avenue of the Americas, 13th Floor, New York, New York 10013.

4.      Defendant DHS is an agency of the federal government that has possession and control of the records that Plaintiff seeks.  It is headquartered at 2707 Martin Luther King Jr. Avenue SE, Washington, D.C. 20528-0525.  United States Immigration and Customs Enforcement ("ICE") is a component of Defendant DHS that has possession and control of records that Plaintiff seeks.  It is headquartered at 500 12th Street SW, Washington, D.C. 20536. United States Customs and Border Protection ("CBP") is a component of Defendant DHS that has possession and control of records that Plaintiff seeks.  It is headquartered at 1300 Pennsylvania Avenue NW, Washington, D.C. 20229.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is premised on the place of business of Plaintiff and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.      Plaintiff has exhausted all administrative remedies available.  An agency must make and communicate its determination whether to comply with a request under FOIA within 20 business days of receiving the request, 5 U.S.C. § 552(a)(6)(A)(i), or within 30 business days if the agency determines that unusual circumstances apply.  5 U.S.C. § 552(a)(6)(B)(i)-(iii). DHS, through its components ICE and CBP, has failed to make initial determinations with

respect to Plaintiff's requests within the timeframe set by FOIA, and Plaintiff is therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

### A. The ICE Request

8.      On December 4, 2018, ProPublica and its reporter Ian MacDougall submitted two FOIA requests to DHS, through its component ICE, related to four separate ICE contracts.

9.      On March 27, 2019, ICE acknowledged receipt of the FOIA requests.  It further determined that the information sought in the second request was encompassed by the first request, and administratively closed the second request.

10.      As combined by ICE, the operative request was given tracking number 2019-ICFO-23578 (the "ICE Request").

11.      As combined by ICE, the ICE Request sought (1) "Any contacts and amendments or modifications related to the following contracts with McKinsey & Company," and (2) "Any reports, statements of work, slide decks/PowerPoint presentations, or other work products provided to ICE by McKinsey & Company pursuant to the following contracts and any modifications of them."  The ICE Request refers to the following four contracts:

- Delivery Order-HSCECR16F00001-0-GS10F0118S
- Delivery Order-HSCECR17F00002-0-GS10F0118S
- Delivery Order-HSCECR17F00003-0-GS10F0118S
- Delivery Order-HSCECR16F00004-0-GS10F0118S.

12.      The ICE Request further noted that there are at least 21 modifications to the "F00003" contract, and at least 5 modifications to the "F00004" contract, according to federal procurement records.

13.     No final determination has been issued, and no documents have been produced.[1]

14.     DHS, through its component ICE, has failed to issue a response to the request within 20 business days as required under FOIA.  *See* 5 U.S.C. § 552(a)(6).

**B.  The CBP Requests**

    a.   The CBP Contract Request

15.     On December 4, 2019, ProPublica and its reporter submitted a FOIA request to DHS, through its component CBP (the "CBP Contract Request").

16.     The CBP Contract Request sought:

    Any contracts and amendments related to the following contract:

    A July 13, 2018 contract with McKinsey & Company.  The contract was worth $1,997.015.46, and it was for "CBP Strategy Plan to Replace Vision 2020."  It was covered by a BPA, and it bears the PIID 70B01C18F00000497 and Reference PIID HSBP1017A00024.

17.     On December 6, 2018, CBP acknowledged the CBP Contract Request and assigned it tracking number CBP-2019-015036.

18.     On December 21, 2018, ProPublica spoke with a CBP FOIA officer in order to amend the CBP Contract Request to include bid documents related to the successful bid of McKinsey & Company as to the contract referenced in the request.

19.     That same day, CBP sent a letter confirming that the request was amended "to include McKinsey & Company's successful bid."

20.     No final determination has been issued as to the CBP Contract Request, and no documents have been produced.

---

[1] ProPublica also submitted a third FOIA request for certain emails related to the same four contracts, which was subsequently combined into the ICE Request.  ProPublica does not seek those records in this action.

21.     DHS, through its component CBP, has failed to issue a response to the request within 20 business days as required under FOIA.  *See* 5 U.S.C. § 552(a)(6).

b.     The CBP Reports Request[2]

22.     On December 4, 2018, ProPublica and its reporter submitted a FOIA request to DHS, through its component CBP (the "CBP Reports Request").

23.     The CBP Reports Request sought:

> Any reports, statements of work, slide decks/PowerPoint presentations, or other work products provided to CBP by McKinsey & Company pursuant to its July 13, 2018, contract with CBP.
>
> The contract was worth $1,997,015.46 and it was for "CBP Strategy Plan to Replace Vision 2020."  It was covered by a BPA, and it bears the PIID 70B01C18F00000497 and Reference PIID HSBP1017A00024.

24.     On December 5, 2018, CBP acknowledged the CBP Reports Request, and assigned it tracking number CBP-2019-015044.

25.     On December 20, 2018, CBP issued a letter stating that FOIA permits an agency to request a ten-day extension for the processing of requests under certain specialized circumstances.  The letter does not make clear whether CBP in fact invoked the relevant provision under FOIA.

26.     No final determination has been issued as to the CBP Reports Request.

27.     DHS, through its component CBP, has failed to issue a response to the request within 20 business days (or 30 days for situations involving unusual circumstances) as required under FOIA.  *See* 5 U.S.C. § 552(a)(6).

---

[2] ProPublica also submitted a third FOIA request seeking certain emails related to the same contract.  ProPublica does not seek those records in this action.

### COUNT I (as to the ICE Request)

28.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

29.     Defendant DHS is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

30.     DHS has failed to act on Plaintiff's request within 20 business days as required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

31.     DHS has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

32.     Accordingly, Plaintiff is entitled to an order compelling DHS to produce records responsive to its FOIA request.

### COUNT II (as to the CBP Contract Request)

33.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

34.     Defendant DHS is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

35.     DHS has failed to act on Plaintiff's request within 20 business days as required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

36.     DHS has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

37.     Accordingly, Plaintiff is entitled to an order compelling DHS to produce records responsive to its FOIA request.

## COUNT III (as to the CBP Reports Request)

38.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

39.     Defendant DHS is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

40.     DHS has failed to act on Plaintiff's request within 20 business days as required by FOIA (or 30 days on a claimed basis of unusual circumstances).  *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii).  Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

41.     DHS has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

42.     Accordingly, Plaintiff is entitled to an order compelling DHS to produce records responsive to its FOIA request.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

43.     Declare that the documents sought by its FOIA requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

44.     Order DHS to provide the requested documents to Plaintiff within 20 business

days of the Court's order;

45.     Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees,

as expressly permitted by FOIA; and

46.     Grant Plaintiff such other and further relief as this Court deems just and proper.


Dated: New York, New York
        June 4, 2019

                                            _____/s/_____
                                            Jeremy A. Kutner, Esq.
                                            Deputy General Counsel
                                            ProPublica
                                            155 Avenue of the Americas, 13th Floor
                                            New York, NY 10013
                                            Phone: (917) 512-0218
                                            Fax: (212) 785-2634
                                            E-mail: jeremy.kutner@propublica.org
                                            *Counsel for Plaintiff*